IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00681-PSF-CBS

PLAYHARD, INC., a Colorado corporation; and
NITE IZE, INC., a Colorado corporation,

    Plaintiffs,

v.

GURU, INC., an unknown corporation;
MATHEW MOWBRAY, an individual; and
DOES 1-9, inclusive,

    Defendants.

## FINDINGS AND TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary Injunction (Dkt. # 22). The Court, having fully considered plaintiffs' Application and having heard argument and evidence from counsel for Playhard, Inc. ("Playhard"), Nite Ize Inc. (Nite Ize") (collectively "Plaintiffs") and counsel for Guru Toys, Ltd. ("Guru") and Matthew Mowbray ("Mowbray") (collectively "Defendants") in a hearing on Thursday, June 29, 2006 ("Hearing") the Court hereby finds:

**FINDINGS**

    1.    Plaintiffs filed their Application for Temporary Restraining Order ("Application") on June 23, 2006.

2. Defendants Schylling Associates, Inc. and Kohl's Department Stores, Inc. were dismissed from this action by this Court's June 29, 2006 Order.

3. Plaintiffs notified Defendants Guru and Mowbray of Plaintiffs' Application on June 23, 2006 and, on June 26, 2006, plaintiffs notified Guru and Mowbray of this Court's June 29, 2006 scheduled hearing on plaintiff's Application.

4. During the course of the hearing, plaintiffs' counsel proffered evidence in the form of testimony from representatives of the plaintiffs as well as physical and documentary evidence, all of which was accepted by this Court.

5. During the course of the hearing, Defendants Guru and Mowbray were represented by counsel and were allowed opportunities to cross examine plaintiffs' witnesses, to object to plaintiffs' presentation of their case and to proffer evidence in opposition to Plaintiffs' Application.

6. Plaintiffs are entities headquartered in Boulder, Colorado.  Jointly, they are engaged in the design, development, manufacture, distribution and sale of illuminated flying disc products and personal illumination devices, including:  a) a 10.5 inch diameter illuminated flying disc; b) a 5.2 inch diameter illuminated flying disc; c) an 8.3 inch diameter flying disc; d) a personal illumination device designed to be worn by flying disc game participants; and e) an illuminated flying disc/personal illumination device "Combination Pak."

7. Nite Ize owns: (1) United States Trademark Registration No. 1620077 for the trademark, NITE IZE, for use in connection with goods classified within Class 025 of the International Schedule of Classes of Goods and Services, 37 C.F.R. § 6.1,

(2) United States Trademark Registration No. 2237945 for the trademark, NITE IZE, for use in connection with goods classified within Class 011 of the International Schedule of Classes of Goods and Services, 37 C.F.R. § 6.1, and (3) United States Trademark Registration No. 2789303 for the trademark, NITE IZE, for use in connection with goods classified within Class 009 of the International Schedule of Classes of Goods and Services, 37 C.F.R. § 6.1.  The trademarks and corresponding registrations identified in this paragraph are collectively referred to herein as "Trademarks."  Nite Ize uses its Trademarks in connection with its illuminated flying disc products.

8. Nite Ize's illuminated flying disc products and their corresponding packaging embody distinctive nonfunctional design elements that serve to identify Nite Ize as the source of those products in the minds of consumers.  These distinctive nonfunctional design elements are collectively referred to herein as "Trade Dress."  Nite Ize owns and enjoys of the benefits of the Trade Dress.

9. Defendants manufacture, sell, offer for sale, and/or import into the United States illuminated flying disc products which are substantially similar in design and function to Plaintiffs' illuminated flying disc products.

10. Defendants use the purported trademarks "Night Eye" and/or "Night-Eye" in connection with their illuminated flying disc products.

11. The nonfunctional design elements of defendants' illuminated flying disc products and corresponding packaging are substantially similar to the distinctive nonfunctional design elements of Plaintiffs' illuminated flying disc products and corresponding packaging.

12. There is a substantial likelihood that plaintiffs will succeed on the merits of their Application's allegations that defendants' flying disc products bear trademarks and embody nonfunctional product and packaging configurations that are so similar to plaintiffs' Trademarks and Trade Dress that consumers are likely to be confused as to the source of defendants' goods.

13. Plaintiffs will suffer irreparable injury unless defendants are temporarily restrained from offering illuminated flying disc products that infringe plaintiffs' Trademarks and Trade Dress.

14. The threatened injury to plaintiffs resulting from defendants' infringement of plaintiffs' Trademarks and Trade Dress outweighs any damage that may be caused to defendants if defendants are temporarily enjoined from offering their infringing illuminated flying disc products.

15. The injunction issued by this Order is not adverse to the public interest.

16. The findings contained herein are judicially noticed or were established by plaintiff's clear and convincing evidence proffered at the hearing or submitted with plaintiffs' Application.

**ORDER**

Therefore, the Court hereby issues a Temporary Restraining Order and orders that defendants be enjoined from manufacturing, distributing, importing, offering for sale and/or selling in the United States: (1) any illuminated flying disc products featuring the "Night Eye" or "Night-Eye" marks or any other mark confusingly similar to

plaintiffs' Trademarks; and (2) any illuminated flying disc products embodying product or packaging configurations confusingly similar to plaintiffs' Trade Dress;

Which injunction shall be effective as of the date and time of receipt by the Court of a Notice of Posting of Bond for seven thousand five-hundred dollars ($7,500) by plaintiffs and continuing (or, pursuant to F.R.Civ.P. 65(b), extended) through the scheduled hearing on Plaintiffs' Motion For Preliminary Injunction, scheduled for Wednesday July 19, 2006 at 10:00 AM.

DATED: July 5, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge