IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00681-PSF-CBS

PLAYHARD, INC., a Colorado corporation; and
NITE IZE, INC., a Colorado corporation,

      Plaintiffs,

v.

GURU, INC., an unknown corporation;
MATHEW MOWBRAY, an individual; and
DOES 1-9, inclusive,

      Defendants.

---

## FINDINGS AND PRELIMINARY INJUNCTION ORDER

This matter is before the Court on Plaintiffs' Motion For Preliminary Injunction. The Court, having fully considered Plaintiffs' Motion and having heard argument and evidence from counsel for Playhard, Inc. ("Playhard"), Nite Ize Inc. (Nite Ize") (collectively "Plaintiffs") and counsel for Guru Toys, Ltd. ("Guru") and Matthew Mowbray ("Mowbray") (collectively "Defendants") in a Temporary Restraining Order hearing on Thursday, June 29, 2006 ("TRO Hearing") and in a Preliminary Injunction Hearing (PI Hearing) on July 20, 2006 (collectively, "the Hearings"), the Court hereby finds:

### FINDINGS

1.     Plaintiffs filed their Motion for Preliminary Injunction ("Motion") on June 23, 2006.

2.     Defendants, Schylling Associates, Inc. and Kohl's Department Stores, Inc. were dismissed from this action by this Court's June 29, 2006 Order.

3.      Plaintiffs notified Guru and Mowbray of Plaintiffs' Motion on June 23, 2006 and, on June 26, 2006, Plaintiffs notified Guru and Mowbray of this Court's June 29, 2006 scheduled TRO Hearing on Plaintiff's Application.  At the TRO Hearing this Court notified Plaintiffs' counsel and Guru's and Mowbray's counsel of this Court's July 19, 2006 scheduled PI Hearing, which was rescheduled to July 20, 2006.

4.      During the course of the Hearings, Plaintiffs' counsel proffered evidence in the form of testimony from representatives of the Plaintiffs as well as physical and documentary evidence, all of which was accepted by this Court.

5.      During the course of the Hearings, Guru and Mowbray were represented by counsel and were allowed opportunities to cross examine Plaintiffs' witnesses, to object to Plaintiffs' presentation of their case and to proffer evidence in opposition to Plaintiffs' Application and Motion.

6.      Plaintiffs are entities headquartered in Boulder, Colorado.  Jointly, they are engaged in the design, development, manufacture, distribution and sale of illuminated flying disc products and personal illumination devices, including:  a) a 10.5 inch diameter illuminated flying disc; b) a 5.2 inch diameter illuminated flying disc; c) an 8.3 inch diameter flying disc; d) a personal illumination device designed to be worn by flying disc game participants; and e) an illuminated flying disc/personal illumination device "Combination Pak" including a 10.5 inch illuminated flying disc and a personal illumination device  During the Hearings, Plaintiffs' introduced into evidence as exhibits samples of each of the above products including the illuminated flying discs and personal illumination device and the packaging in which the products are sold.

7.   Nite Ize owns: (1) United States Trademark Registration No. 1620077 for the trademark, NITE IZE, for use in connection with goods classified within Class 025 of the International Schedule of Classes of Goods and Services, 37 C.F.R. §6.1, (2) United States Trademark Registration No. 2237945 for the trademark, NITE IZE, for use in connection with goods classified within Class 011 of the International Schedule of Classes of Goods and Services, 37 C.F.R. §6.1, and (3) United States Trademark Registration No. 2789303 for the trademark, NITE IZE, for use in connection with goods classified within Class 009 of the International Schedule of Classes of Goods and Services, 37 C.F.R. §6.1.  The trademarks and corresponding registrations identified in this paragraph are collectively referred to herein as "Trademarks."  Nite Ize uses its Trademarks in connection with its illuminated flying disc products.

8.   Nite Ize's illuminated flying disc products and their corresponding packaging embody distinctive nonfunctional design elements that serve to identify Nite Ize as the source of those products in the minds of consumers.  These distinctive nonfunctional design elements are collectively referred to herein as "Trade Dress."  Nite Ize owns and enjoys of the benefits of the Trade Dress.

9.   Playhard owns United States Patent No. 6,857,770 (the '770 patent) issued on February 22, 2005 to Jerry Moore for an illuminated flying disc.

10.   Defendants manufacture, sell, offer for sale, and/or import into the United States illuminated flying disc products which are substantially similar in design and function to Plaintiffs' illuminated flying disc products.  These products include: a) a 10.5 inch diameter illuminated flying disc; b) a 6 inch diameter illuminated flying disc; and c) an illuminated flying disc/personal illumination device "Combination Pak" including a 10.5 inch illuminated flying

disc and a personal illumination device designed to be worn by flying disc game participants. During the Hearings, Plaintiffs introduced into evidence exhibits samples of each of the above products including the illuminated flying discs and personal illumination device and the packaging in which the products are sold.

11. Defendants use the purported trademarks "Night Eye" and/or "Night-Eye" in connection with their illuminated flying disc products.

12. The nonfunctional design elements of Defendants' illuminated flying disc products and corresponding packaging are substantially similar to the distinctive nonfunctional design elements of Plaintiffs' illuminated flying disc products and corresponding packaging. These include: decorative design of the disc that is essentially identical to plaintiffs' disc design; a sticker on the top of the disc that is oval and has colored lines around the name of the product; a multicolored box similar to the colors used in Plaintiffs' boxes and has a curved opening on one side and an circular opening in the middle; the principle design element on the package front is a picture of a lighted disk with the center of the pictured disc corresponding to the circular hole in the package; a ten-letter, two-word trademark; interlocking rings in the upper left corner of the package front of combination paks; multiple pictures of the disk on the package hanger; a "swish" with a disk on the package side.

13. There is a substantial likelihood that Plaintiffs will succeed on the merits of their Motion's allegations that Defendants' flying disc products bear trademarks and embody nonfunctional product and packaging configurations that are so similar to Plaintiffs' Trademarks and Trade Dress that consumers are likely to be confused as to the source of Defendants' goods.

14. Plaintiffs will suffer irreparable injury unless Defendants are preliminarily enjoined from offering illuminated flying disc products that infringe Plaintiffs' Trademarks, Trade Dress.

15. The threatened injury to Plaintiffs resulting from Defendants' infringement of Plaintiffs' Trademarks, Trade Dress outweighs any damage that may be caused to Defendants if Defendants are preliminarily enjoined from offering their infringing illuminated flying disc products.

16. The injunction issued by this Order is not adverse to the public interest.

17. The findings contained herein are judicially noticed or were established by Plaintiff's clear and convincing evidence proffered at the Hearings or submitted with Plaintiffs' Application and Motion.

**ORDER**

Therefore, the Court hereby issues a Preliminary Injunction and orders that the manufacture, importation, sale, and offer for sale in the United States of the Guru products designated in paragraph 10 above be enjoined and that Defendants be enjoined from manufacturing, distributing, importing, offering for sale and/or selling in the United States: (1) any illuminated flying disc products featuring the "Night Eye" or "Night-Eye" marks; (2) any illuminated flying disc products having a sticker on the top of the disc that is oval or has colored lines around the name of the product; (3) a multicolored box similar to the colors used in Plaintiffs' boxes; and (4) a package in which the principle design element on the package front is a picture of a lighted disk with the center of the pictured disc corresponding to a circular hole in the package; interlocking rings in the upper left corner of the package front; multiple pictures of the disk on the package hanger; or a "swish" with a disk on the package side and any other

illuminated flying disc products embodying product or packaging configurations confusingly similar to Plaintiffs' Trade Dress.

This Court having already received a Notice of Posting of Bond for seven thousand five-hundred dollars ($7500) by Plaintiffs, this injunction shall be effective as of the this date and time and continuing until this Court renders a final decision in this civil action.

SO ORDERED this 25th day of July, 2006, *nunc pro tunc*, July 20, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge