IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00681-PSF-CBS

PLAYHARD, INC., a Colorado corporation; and
NITE IZE, INC., a Colorado corporation,

    Plaintiffs,

v.

GURU TOYS, LTD., a New Zealand corporation;
MATHEW MOWBRAY, an individual; and
DOES 1-9, inclusive,

    Defendants.

## ORDER ON PENDING MOTIONS

This matter is before the Court on Plaintiffs' Request for Default and Motion for Default Judgment [as to Defendant Mathew Mowbray] (Dkt. # 59), filed August 25, 2006, and "Defendants's [sic] Motion for Continuance of Discovery, Trial and All Deadlines Under F.R.C.P. 26 et al." (Dkt. # 58), filed August 25, 2006.

The record in this case reflects that on May 2, 2006, plaintiff filed an Amended Complaint (Dkt. # 5) in this patent and trademark infringement action naming as defendants Guru Toys, Ltd. ("Guru"), an alleged New Zealand corporation, and Mathew Mowbray, alleged to be a director of Guru and a citizen of New Zealand. By Order dated June 5, 2006, the Court issued letters rogatory for the purpose of serving each of these foreign defendants (Dkt. ## 14, 15). On June 12, 2006, plaintiffs filed a waiver of service of summons signed by Defendant Mowbray as "director" of Guru, and dated

May 29, 2006 (Dkt. # 16).  Although the form waiver is drafted in the first person, it is not clear whether Defendant Mowbray was waiving service as to both himself and Guru, or only as to Guru.

In any event, on June 29, 2006, this Court held a hearing on plaintiffs' motion for temporary restraining order, at which time counsel Chad C. Soliz, Esq., expressly entered his appearance for both defendants.  There was no indication at that time that Mr. Soliz was appearing only for Guru or that his representation of Defendant Mowbray was for a limited purpose.  The Court entered a temporary restraining order on July 5, 2006, after a bond was posted, enjoining Defendants Guru and Mowbray from taking certain actions.  Counsel for these defendants did not at any time during the hearing object to the temporary restraining order being applied to both defendants on any jurisdictional ground.

On July 6, 2005, Mr. Soliz filed a written notice of appearance for both Defendant Guru and Defendant Mowbray (Dkt. # 34).  On July 19, 2006, Mr. Soliz filed "Defendants's [sic] Motion for Award of Plaintiffs' Cash Bond and Withdrawal of Temporary Restraining Order" (Dkt. # 42).  The motion indicates that it was filed on behalf of both Defendant Guru and Defendant Mowbray.

On July 20, 2006, the Court, pursuant to notice, held a hearing on plaintiffs' request for a preliminary injunction.  Although he did not appear in person, counsel Soliz appeared by telephone and did not indicate that he was appearing only for Defendant Guru.  On July 25, 2006, the Court entered a preliminary injunction against both Defendants Guru and Mowbray, again after receiving comments on the draft order

from Mr. Soliz, none of which suggested that Mowbray was not a defendant in the case (Dkt. # 45).  In fact, the preliminary injunction expressly states: "During the course of the Hearings, Guru and Mowbray were represented by counsel . . ." (*id.* at 2).  There was no objection by Mr. Soliz to such language.

On July 31, 2006, defendants filed a motion for extension of time to file proposed scheduling order (Dkt. # 46).  The motion indicates that it was filed on behalf of both Defendant Guru and Defendant Mowbray.  On July 31, 2006, Mr. Soliz filed an answer and counterclaim in the case, solely on behalf of Defendant Guru (Dkt. # 47).  A footnote to the answer states that Defendant Mowbray has not been "properly served with process per F.R.C.P. 4(f) or (m)."  (*Id.* at 1, n. 1).

On August 14, 2006, the Court approved a scheduling order submitted by counsel that indicated that Mr. Soliz was appearing for Defendant Mowbray, but also contained the same assertion as found in the answer that Defendant Mowbray had not been served (Dkt. # 53, at 2).

In light of this background, the Court finds that Defendant Mowbray, through the appearance of his counsel who signed an entry of appearance on behalf of both defendants, and who participated in hearings and proceedings in this case on behalf of both defendants, and who has filed motions on behalf of both defendants, has waived formal service of process and thus is a party to this case over whom this Court may exercise jurisdiction.  *See Trujillo v. Wilson*, 117 Colo. 430, 434-35, 189 P.2d 147, 150 (Colo. 1948).

Accordingly, Defendants' Motion for Continuance (Dkt. # 58 ) is DENIED.

Plaintiffs assert that Defendant Mowbray is in default for having failed to timely file an answer to the Amended Complaint. That may be so, but the exact date on which an answer was due is not clear from the record. Accordingly, the plaintiffs' motion for default and default judgment (Dkt. # 59) is DENIED at this time, but Defendant Mowbray is ORDERED to file an answer or otherwise respond to the Amended Complaint **no later than September 11, 2006.**

DATED: September 1, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge