IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00681-PSF-CBS

PLAYHARD, INC., a Colorado corporation; and
NITE IZE, INC., a Colorado corporation,

      Plaintiffs,

v.

GURU TOYS, LTD., a New Zealand corporation;
MATHEW MOWBRAY, an individual; and
DOES 1-9, inclusive,

      Defendants.

---

## ORDER ON PENDING MOTIONS

---

      This trademark infringement and patent infringement case is before the Court on Defendants' Motion for Bond Award (Dkt. # 42), filed July 19, 2006, Defendant Mathew Mowbray's Motion to Dismiss (Dkt. # 65), filed September 11, 2006, Plaintiff's Motion to Compel Rule 26(a)(1) Disclosures and Discovery Responses (Dkt. # 67), filed September 15, 2006, and Plaintiff's Motion for Extension of Time to Make Damages Expert Disclosure (Dkt. # 68), filed September 15, 2006.

      On July 20, 2006, this Court held a hearing on plaintiffs' request for a preliminary injunction prohibiting defendants from infringing plaintiffs' trademark and trade dress for their patented illuminated flying disc products, at the conclusion of which the Court orally ordered that the requested preliminary injunction go into effect immediately (Dkt. # 44).  On July 25, 2006, the Court entered written findings and a preliminary injunction

order (Dkt. # 45).  In that Order the Court directed that the bond posted by plaintiffs in connection with the issuance of a temporary restraining order shall be continued (Order at 6).  That ruling implicitly rejected defendants' request for a bond award, but the Court did not expressly deny the motion.  The defendants' motion for an award of the posted bond is now expressly DENIED.

Due to the nature of this case, and pursuant to a scheduling order entered on August 14, 2006 (Dkt. # 53), discovery in this case was ordered to be conducted on an expedited basis to be completed by October 9, 2006, with the case set for a five-day jury trial commencing November 27, 2006.

On September 1, 2006, the Court denied plaintiffs' request for a default judgment against Defendant Mowbray for having failed to answer the complaint. Defendant Mowbray had replied that he had not been properly served with the amended complaint.  The Court rejected his argument finding that he had appeared in the case through his counsel, and further service was not required.  The Court denied the motion for default but directed Defendant Mowbray to file a responsive pleading by September 11, 2006.

He timely filed a motion to dismiss on September 11, 2006 (Dkt. # 65), asserting that the amended complaint failed to state a claim against him, essentially contending that because he was named merely as an officer of the corporate defendant, Guru, Inc., and since there was no allegation that he took action independent of Guru, the complaint should be dismissed as against him (Motion at 3-4).  He also argues that there is a lack of personal jurisdiction over him as an individual, even if there is

personal jurisdiction over the corporate defendant (*id.* at 4-5). The motion also implicitly requests a stay of discovery against him while the motion was pending (*id.* at 6). Plaintiffs filed their response to the motion to dismiss on September 12, 2006 (Dkt. # 66).  Defendant Mowbray filed his reply on September 27, 2006 (Dkt. # 72).

Plaintiffs' response to the motion to dismiss points to numerous paragraphs of the amended complaint which allege actions taken by Defendant Mowbray to plan, organize and carry out the alleged trademark and patent infringement (Response at 1-2).  The amended complaint alleges generally that the actions by the defendants were taken willfully and intentionally (Amended Complaint at ¶ 62), that the alleged patent infringement was "willful and intentional" (*id.* at ¶ 68), and that the alleged trademark infringement was "willful and deliberate." (*id.* at ¶ 74).

As plaintiffs correctly state, and contrary to the arguments advanced by Defendant Mowbray, the liability of corporate officers for patent infringement has been recognized to the extent they personally took part in the commission of the patent infringement, without the necessity of a finding of *alter ego* activity.  As stated in *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1578-79 (Fed. Cir. 1986), "it is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer." Or, as stated in *Genetic Implant Systems, Inc., v. Core-Vent Corp.*, 123 F.3d 1455, 1460 (Fed. Cir. 1997), a case on which Defendant Mowbray relies, "a court may

disregard the corporate form under Washington law only if the principal personally participates in alleged wrongful conduct or approves the conduct."

Similarly, a corporate officer personally involved in trademark infringement may be held personally liable, particularly where he has "the right and ability to supervise the company's activities and a direct financial interest in the activities." *Microsoft Corp v. Computer Service & Repair*, *Inc.,* 312 F. Supp. 2d 779, 786 (E.D.N.C. 2004); *see also Symantec Corp., v. CD Micro, Inc.*, 286 F. Supp. 2d 1265, 1275 (D. Ore. 2003).

Here, the amended complaint sufficiently alleges Mowbray's personal involvement in the alleged patent and trademark infringement to state a cause of action against him personally, subject of course to be proven at trial.  The Court also finds that it has personal jurisdiction over Defendant Mowbray under the "effects test," as stated in *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club, Ltd. Partnership,* 34 F.3d 410, 411-12 (7th Cir. 1994).  In upholding personal jurisdiction in the State of Indiana in a trademark suit brought against nonresident defendants, the court found the jurisdictional requirements satisfied because "the defendants assumed the risk of injuring valuable property located in Indiana.  Since there can be no tort without an injury, the state in which the injury occurs is the state in which the tort occurs, and someone who commits a tort in Indiana should, one might suppose, be amenable to suit there."  (Citation omitted).  As both plaintiffs are Colorado corporations, the injury alleged here occurs primarily in Colorado, thus even if Defendant Mowbray never traveled to Colorado he is amenable to suit here for the injuries he allegedly caused here.

For these reasons, Defendant Mowbray's Motion to Dismiss (Dkt. # 65) is DENIED.  Because his motion to dismiss is denied, the request to stay his obligation to provide discovery is also DENIED.

Plaintiffs' Motion to Compel Rule 26 disclosures and answers to discovery requests states that the parties agreed to exchange Rule 26(a)(1) initial disclosures on August 7, 2006.  The Court finds this agreement is incorporated into the scheduling order tendered by the parties and entered by the Court as its order on August 14, 2006 (Dkt. # 53 at 14-15).  Defendants have come forward with no response to plaintiffs' motion or any explanation as to why the disclosures have not been made.

Plaintiffs' motion also states that they served a set of discovery requests on defendants on August 2, 2006, to which responses were due on September 2, 2006 pursuant to the time lines of the Federal Rules of Civil Procedure.  The Court finds nothing in the scheduling order that modifies defendants' obligation to serve discovery responses.  Again, defendants have come forward with no response to plaintiffs' motion or any explanation as to why the discovery has not been provided.

Defendants may have been under a belief that discovery in this case would be stayed, as suggested in their inserts to the scheduling order (*see e.g.* Dkt. # 53 at 14). The Court has not stayed any discovery in this case and there is no reason for delay in providing the requested Rule 26(a)(1) disclosures or responses to discovery. Accordingly, plaintiffs' Motion to Compel is GRANTED, and defendants are ordered to provide both to plaintiffs no later than October 10, 2006.  Determination of plaintiffs'

request for sanctions against defendants and their counsel for failure to make discovery is deferred until a later time.

Pursuant to the scheduling order, the parties were to exchange expert witness designations and reports by September 15, 2006 (*see* Dkt. # 53 at 18).  Plaintiffs have moved to extend that deadline, stating that although they have identified their expert, he cannot complete his report without the discovery responses requested from defendants (Dkt. # 68).  They request an extension of time of 30 days after defendants make such discovery response to file such report (Dkt. # 68 at 3).

The Court notes that under the original scheduling arrangement, defendants' responses to discovery were due on September 2, 2006 (based on the date of service of the requests) and the expert report was due September 15, 2006, or 13 days later. Now that the Court ordered defendants to submit their discovery responses no later than October 10, 2006, the plaintiffs will be allowed 14 days after receiving defendants' discovery response, or until October 24, 2006, or to submit their expert report.

**CONCLUSION**

Defendants' Motion for Bond Award (Dkt. # 42), filed July 19, 2006, is DENIED.

Defendant Mathew Mowbray's Motion to Dismiss (Dkt. # 65), filed September 11, 2006, is DENIED.

Plaintiff's Motion to Compel Rule 26(a)(1) Disclosures and Discovery Responses (Dkt. # 67), filed September 15, 2006, is GRANTED and defendants are directed to provide Rule 26 disclosures and discovery responses not later than October 10, 2006. Determination of the request for sanctions is deferred.

Plaintiff's Motion for Extension of Time to Make Damages Expert Disclosure (Dkt. # 68), filed September 15, 2006, is GRANTED.  The plaintiffs' expert disclosure is due 14 days after defendants provide response to discovery, or by October 14, 2006.

DATED: September 29, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge